UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMY DAWN YORGESEN-MICKELSEN on behalf of MADISON K. LAW, | Case No. 1:25-cv-00393-AKB |
| Plaintiff, | **SCREENING ORDER** |
| vs. | |
| JERRY D. LAW, JR., et al. | |
| Defendants. | |

Amy Yorgesen-Mickelsen (Plaintiff) filed a "Verified Civil Rights Complaint" on July 18, 2025. Dkt. 1. She categorized it as a removal action, but the Court has recategorized it as a civil rights complaint, because there are inadequate grounds for removal and it includes a wide variety of claims against various state actors and private persons, as opposed to being focused on challenging a single state court action.

Plaintiff states that she has filed this civil rights action on behalf of her developmentally disabled adult daughter, Madison K. Law (Madison). Plaintiff also requests leave to proceed in forma pauperis. Title 28 U.S.C. § 1915(e)(2)(B) permits the Court to screen and summarily dismiss non-prisoner pauper complaints or claims that are procedurally or substantively deficient. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). A preliminary review of this matter reveals many issues that prevent it from proceeding in whole or in part. The Court will review the most serious problems that must be remedied before this action can proceed.

**1. Plaintiff's Claims Asserted on Behalf of Herself**

Some of Plaintiff's allegations appear to state her own claims seeking redress for her own injuries. She sues a multitude of unrelated defendants for a multitude of unrelated alleged federal violations. Under Federal Rule of Civil Procedure 20(a)(1), multiple defendants may be sued in a single case if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Plaintiff's current complaint violates this rule. If Plaintiff desires to proceed on her personal claims, she must file one or more separate amended complaints within twenty-one days after entry of this Order. If Plaintiff does not have facts to support certain claims, she must omit them from any amended complaint.

 A. <u>Claims Against Judges</u>

Plaintiff has sued four Canyon County District Court judges. Claims against any judges must include facts showing why judicial immunity should not be applied. These claims must be raised in a separate complaint from claims against all other Defendants.

A judge is entitled to absolute judicial immunity for monetary damages for all acts performed in the exercise of judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judges are also entitled to absolute immunity from claims for injunctive relief "unless a declaratory decree was violated or declaratory relief [is] unavailable."[1] 42 U.S.C. § 1983.

Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988).

---

[1]  In other words, if declaratory relief in an action is available, absolute judicial immunity bars all claims for injunctive relief in that action. *Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997).

SCREENING ORDER - 2

Once it is determined that a judge was acting in his judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). Indeed, "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

To determine whether an act is judicial in nature so that absolute judicial immunity applies, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

There are two instances where judicial immunity does not apply. First, absolute immunity does not apply when a judge acts in "the clear absence of all jurisdiction." *Id.* at 356 n.6 (internal citations omitted). When immunity is at issue, the scope of a judge's jurisdiction "must be construed broadly." *Id.* at 356. "A judge will not be deprived of immunity because the action he *took was in error, was done maliciously, or was in excess of his authority*." *Id.* (emphasis added).

The question of whether a judge acted in excess of his authority in making a judicial ruling is a distinct issue from the question of whether a judge acted in the clear absence of jurisdiction. Even if a judge exceeds his authority in making a judicial ruling in a particular case, that judge is immune if the case is properly before him. *Mireles*, 502 U.S. at 13.

The difference between acting in the absence of jurisdiction and acting in excess of authority is made clear in the following example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal

court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump*, 435 U.S. at 357 n.7.

In reviewing an allegation that a judge acted in the clear absence of all jurisdiction, the Court considers whether the judge was acting beyond the scope of the subject matter jurisdiction of the court in which he presided. *See Stump*, 435 U.S. at 356-57; *Ashelman*, 793 F.2d at 1076. In *Agnew v. Moody*, 330 F.2d 868, 869-70 (9th Cir. 1964), the Ninth Circuit held that, even though a judge erred in striking a defendant's motion for disqualification rather than adjudicating it, the failure did not deprive the judge of subject matter jurisdiction or judicial immunity.[2]

Second, a judge is not entitled to judicial immunity when he or she performs an act that is not "judicial" in nature. *Stump*, 435 U.S. at 360. For example, when a judge left the bench and used physical force to evict a person from the courtroom, the Ninth Circuit Court of Appeals held that the judge performed a nonjudicial act. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). On the other hand, when a plaintiff alleged that the judge *ordered officers* to forcibly seize and bring plaintiff into the courtroom, judicial immunity applied, because a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12.

Here, the following judges' acts that occurred during the course of the Canyon County cases are covered by judicial immunity and are subject to summary dismissal: setting trial dates and hearings before allowing discovery, denying Plaintiff the opportunity to prepare and participate meaningfully in judicial proceedings, coordinating delays with other judges or parties, overriding a valid durable power of attorney, refusing Plaintiff's request in their cases for access

---

[2]     Though *Agnew* predates *Stump* and *Ashelman*, its holding is consistent with the reasoning and holdings of these later cases governing judicial immunity.

**SCREENING ORDER - 4**

to guardianship case files and court records, fabricating legal authority, ignoring controlling documents, sanctioning the removal of a vulnerable adult from safe care, blocking Plaintiff's access from advocacy in the case, denying emergency relief, and failing to consolidate claims and cases. These acts must not be included in any amended complaint, because they are acts clearly taken within the judicial proceedings over which the judges had jurisdiction. Similarly, any acts of "retaliation" taken within the judicial proceedings are covered by judicial immunity and must not be included in any amended complaint.

Plaintiff must provide specific facts underlying her claims that a judge blocked Plaintiff's access to medical care for herself, not for Madison. Dkt. 1 at 11. Plaintiff must also set forth specific facts underlying her broad allegations that the judges were acting outside the scope of authority or were performing acts that were administrative and ministerial—normally defined as "supervising court employees and overseeing the efficient operation of a court." *Forrester*, 484 U.S. at 229-30 (1988). It does not appear that Plaintiff is complaining of any of these type of actions, but she has simply stated that she is suing the judges for "administrative and ministerial acts" that are not covered by immunity. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If Plaintiff desires to bring any claim on behalf of herself that she believes is not covered by judicial immunity, she must file a separate amended complaint against each judge specifying each act and the reason it should be classified as "nonjudicial" in nature, as well as the who, what, where, why, when, and how of each claim. *Stump*, 435 U.S. at 363.

**SCREENING ORDER - 5**

B. *Younger* Abstention

Madison's father, Defendant Jerry D. Law, Jr. filed a petition for guardianship of an incapacitated person (Madison) in Canyon County Case CV14-24-04394 on May 1, 2024. Defendant Nancy Hurd, a retained attorney, represents Madison. Plaintiff is the respondent in that case. Defendant Judge John Meienhofer presides. A bench trial is set in that matter for November 21, 2025.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court reiterated the importance of the principle of comity between state and federal courts. In that case, the Court held that it is only in the most unusual of circumstances that a federal court should interfere in an ongoing state case. Rather, the Court determined that abstention (declining to hear a case) was usually appropriate in such an instance.

In order for a federal court to properly abstain from hearing a case under the *Younger* doctrine, three factors must be present: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Where abstention is appropriate, a federal court may still entertain an action when "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate," *Younger*, 401 U.S. at 45-46; (2) where a state law is "flagrantly and patently violative of express constitutional prohibitions," *id*. at 53-54; or (3) where there is a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief," *id*. at 54.

**SCREENING ORDER - 6**

In *Torres v. Gaines*, 130 F. Supp. 3d 630 (D. Conn. Sept. 11, 2015), the district court explained why abstention was appropriate in a federal civil rights case related to an ongoing state custody case over their minor son:

> [Plaintiffs] explicitly seek to enjoin those proceedings and raise only claims calling them into question. Moreover, the *Middlesex* factors weigh in favor of applying *Younger*. In an analogous case . . . a couple sought to regain custody of their two daughters, alleging that they were taken away without cause and without following the proper procedures for removal. *Donkor v. City of New York Human Res. Admin. Special Servs. for Children*, 673 F. Supp. 1221, 1222-23 (S.D.N.Y. 1987). The *Donkor* Court applied *Younger* to dismiss the action, which was construed as being brought pursuant to 42 U.S.C §§ 1983, 1985, because of the "state's compelling interest in protecting the welfare of children" and because of the opportunity to raise constitutional claims in state court. *Id.* at 1224, 1226-27. The proceedings here similarly involve the state's compelling interest in protecting the welfare of children, and Plaintiffs may raise their federal constitutional claims during the state proceedings. *See Barros v. Barros*, 309 Conn. 499, 72 A.3d 367 (2013) (addressing, pursuant to expedited appeal process, appellant's federal due process challenge to child custody proceedings).

130 F. Supp. 3d 630, 635-36.

If Plaintiff raises any claims personal to herself that are intertwined with any state court proceedings (such as the current guardianship action) or call into question the validity of underlying state court proceedings (such as criminal cases), she must explain why the *Younger* abstention should not apply in a separate brief submitted with any amended complaint.

C. Request to Enjoin State Court Proceedings

Title 28 U.S.C. § 2283, commonly known as the "Anti-Injunction Act," bars a federal court from granting an injunction to stay or enjoin proceedings in a state court except as expressly authorized by an Act of Congress, or where necessary in aid of the federal court's jurisdiction,[3] or

---

[3]    In *Burr & Forman v. Blair*, 470 F.3d 1019 (11th Cir. 2006), the Court explained:

> Courts have upheld injunctions predicated on the "necessary in aid of its jurisdiction" exception in two distinct situations. The first is where the federal court in an *in rem* proceeding obtains jurisdiction over the *res* before the state court

to protect or effectuate its judgments. Because none of these narrow exceptions applies here, the Court concludes that the Anti-Injunction Act bars Plaintiff's claim to enjoin Canyon County Case No. CV14-24-04394 and other actions in that court.

        D.  <u>Claims Against Private Individuals</u>

Claims personal to Plaintiff brought against any private persons in federal court must have a basis for jurisdiction: federal question or complete diversity. It does not appear that diversity jurisdiction is an option because the Defendants all appear to be citizens of Idaho or entities based in Idaho.

Claims that Plaintiff desires to bring against private individuals must be brought in a separate amended complaint filed in this action. "Conspiracy," by itself, is not a federal claim. To state a claim based on a conspiracy *to deprive another of his civil rights* between state actors and a private party under § 1983, a plaintiff must provide facts showing: "(1) the existence of an express or implied agreement among the [defendants] to deprive [her] of [her] constitutional rights"; and "(2) an actual deprivation of those rights resulting from that agreement." *Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991) (*Bivens* action relying on § 1983 case, *Dooley v. Reiss*, 736 F.2d 1392, 1394-95 (9th Cir. 1984)). An express or implied agreement must show a "meeting of the minds" to violate constitutional rights. *Fonda v. Gray*, 707 F.2d 435, 438 (1983)

---

        action involving the same *res* is brought. Orders enjoining state court proceedings have also been upheld in contexts roughly analogous to proceedings *in rem*, such as where enjoining the state court proceeding is necessary to protect an earlier federal court injunction. This use of the exception arose frequently in the school desegregation context. The exception has also been used in this manner where an injunction was necessary to protect and effectuate complicated judgments over which the federal court had retained jurisdiction.

*Id.* at 1029 (internal citations omitted). No exception applies here.

**SCREENING ORDER - 8**

(citation omitted). Each conspirator need not know "the exact parameters of the plan," but "they must share the general conspiratorial objective." *Id.*

Section 1985 governs conspiracies to interfere with civil rights. The only portions of the statute that could be applied to Plaintiff's claims are subsections (2) and (3). To state a claim under § 1985(2) or (3), Plaintiff must allege a racial or class-based discriminatory animus behind the conspirators' actions or omit this legal basis for her claims. *See Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (claims under sections 1985(2) and 1985(3) require the element of class-based animus).

### E.  Educators, Police, and County Claims

Claims against educators must be brought in a separate amended complaint. Claims against law enforcement personnel and entities may be brought together in a complaint separate from claims against other Defendants.

Any claims against entities must state facts showing that a policy or custom of the entity caused the civil rights violation. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978); *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). In *Iqbal*, the Court clarified that a complaint must state plausible facts suggesting not simply that Defendants had a policy, but that the policy was adopted *for an unconstitutional purpose*, for example, discriminating against someone on the basis of their race, religion, or national origin. *Id.*, 556 U.S. at 682.

### F.  Instructions for Amendment

Each claim against each Defendant must state the "who, what, where, when, why, and how" of each alleged violation. Importantly, Plaintiff has not specified the dates on which alleged

violations occurred. She claims damages to her real estate career dating back to 2017, but her claims are limited to two years prior to the date of the filing of her Complaint on July 18, 2025, which is July 18, 2023. Failure to follow these guidelines and the Federal Rules of Civil Procedure will result in dismissal of noncompliant complaints without further notice.

### 2. A Pro Se Person Cannot Represent Others

As to pro se persons attempting to represent others in courts within the jurisdiction of the Ninth Circuit, the Court of Appeals has explained:

> In *Johns v. County of San Diego*, we held that "'a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.'" 114 F.3d 874, 876 (9th Cir. 1997) (quoting *Osei-Afriyie v. Med. Coll.*, 937 F.2d 876, 882-83 (3d Cir. 1991)). We reasoned that the right to proceed pro se, codified in 28 U.S.C. 1654, does not create a "true choice for minors who under state law . . . cannot determine their own legal actions." *Id.* at 876 (quoting *Osei-Afriyie*, 937 F.2d at 882-83). Echoing the Third Circuit, we also observed that it "goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys." *Id.* (quoting *Osei-Afriyie*, 937 F.2d at 882-83). Moreover, we opined that this rule necessarily followed from the more general rule that "a non-lawyer 'has no authority to appear as an attorney for others than himself.' " *Id.* at 877 (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

*Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1179 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2701 (2025). Further, a "power of attorney" does not permit a pro se litigant who is not a licensed attorney to represent another person in federal court. *See Johnson v. City of Philadelphia*, No. CV 15-4651, 2015 WL 13899442, at *3 (E.D. Pa. Sept. 8, 2015).

Plaintiff states that she has filed this action on behalf of her daughter, Madison, who is developmentally disabled. Plaintiff is a licensed real estate agent and acts under power of attorney for Madison. She is not a licensed attorney. Therefore, Plaintiff cannot represent Madison. In addition, Madison has an acting guardian ad litem, Attorney Nancy Hurd, appointed in the pending state court action.

**SCREENING ORDER - 10**

Nor can Plaintiff represent a person named Cameron Veltman (Cameron) for a malicious prosecution claim in a state criminal action that resulted in a conviction. Any malicious prosecution claim must be raised by Veltman in his criminal appeal or a habeas corpus action, not in a civil case. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff must retain an attorney authorized to practice in the United States District Court for the District of Idaho if she desires to pursue any claim on behalf of Madison. She may not raise claims on behalf of Veltman in this action. Plaintiff's retained attorney must file a notice of appearance in this action within twenty-one days after entry of this Order, or all claims brought on behalf of others will be dismissed without prejudice.

Because it appears clear from the state court register of actions that the state court has taken steps to protect the interests of Madison by appointment of a guardian ad litem who is an officer of the court, because the case is progressing toward an end, because Plaintiff can file an appeal over any constitutional violation that occurs in that action, and because a *Younger* abstention would be appropriate as to the state law guardianship and family issues raised by Plaintiff, this Court has considered but will not appoint pro bono counsel for Plaintiff in this action.

## ORDER

**IT IS ORDERED:**

1. Within **twenty-one (21) days** after entry of this Order, an attorney authorized to practice in the United States District Court for the District of Idaho must appear on behalf of Madison K. Law, or claims brought on her behalf in this case will be dismissed without prejudice, without further notice.

SCREENING ORDER - 11

2. Within **thirty (30) days** after entry of this Order, Plaintiff must file one or more separate amended complaints to assert only her own personal claims, as explained above, or her claims will be dismissed without prejudice, without further notice.

3. Claims brought on behalf of Cameron Veltman are DISMISSED without prejudice.

4. The claims the Court has listed above that are barred by judicial immunity are DISMISSED with prejudice.

5. Plaintiff's In Forma Pauperis Application (Dkt. 3) is GRANTED.

6. Plaintiff's Motion to Direct U.S. Marshal to Serve Process and to Waive Service Fees (Dkt. 8) is DENIED without prejudice.

7. Plaintiff's Motion to Seal (Dkt. 2) is GRANTED.

8. Plaintiff's Emergency Motion for Preliminary Injunction and Protective Order (Dkt 4) is DENIED without prejudice to being renewed by a licensed attorney, if appropriate.

9. All issues regarding whether Madison's disabilities are being accommodated in state court proceedings must be directed to the state court.

DATED: October 20, 2025

Amanda K. Brailsford
U.S. District Court Judge